PAULO, APPELLANT, *v.* THE REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Deed of Sale.

No. 255.—Decided December 10, 1915.

HEREDITARY TITLE—RECORD OF TITLE—SALE OF JOINT INTEREST.—When the heirs have recorded in the registry only their title of intestate inheritance in common and *pro indiviso* with the surviving spouse in a certain property of the estate, they can convey only that indefinite and indeterminate interest as it appears in the registry, but not a joint interest equal to one-half of the value of the said property which, not being recorded in the name of the vendor, cannot be recorded in the name of the purchaser, for the reason that it is prohibited by article 20 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. V. E. Rodríguez Ortiz* for the appellant.

The respondent registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed before Notary Vicente Ferrer Rodríguez y Ortiz in the town of Cayey on June 9, 1915, Dolores and Rafael María Cortés sold to Pedro Paulo Duque a joint interest which they claimed to possess in a rural property of four *cuerdas* of land situated in the said municipal district, which interest, they assert, consists of one-half of the value of the said property which had been acquired by Joaquín Vázquez during his wedlock with Belén Cortés, now deceased, the natural mother of the vendors, Dolores and Rafael María Cortés.

The said instrument having been presented in the Registry of Property of Guayama, the registrar refused to admit the same to record for the reasons stated in the following decision:

"Admission to record of this instrument is denied because the joint interest of one-half of the alienated property is not recorded in the names of the vendors, Dolores and Rafael María Cortés, but only their undivided hereditary interest in the property jointly with the surviving spouse, Joaquín Vázquez, who was not a party to the said instrument. A cautionary notice, etc."

From the above decision the purchaser, Pedro Paulo Duque, appealed to this court.

For a better consideration of the case this court ordered the Registrar of Property of Guayama to send up a certified copy of the record of the hereditary interest of Dolores and Rafael María Cortés jointly with the surviving spouse, Joaquín Vázquez, in the property in question, and it appears therefrom that by a decision of the District Court of Guayama of May 21, 1915, Dolores and Rafael María Cortés were adjudged to be the sole and universal heirs of their deceased mother, Belén Cortés, in equal shares, and the surviving

spouse, Joaquín Vázquez, was held to be entitled to the portion allowed him by law. By virtue of this decree Dolores and Rafael María Cortés recorded in the registry *their title of intestate inheritance in common* pro indiviso *with Joaquín Vázquez,* and it is to be observed that accompanying a copy of the decree of designation of heirs, an appraisal of the interest of Belén Cortés in the property at $50 was presented in the registry.

We are of the opinion that the decision appealed from conforms to law, for the registry contains only a record of the intestate inheritance of the vendors, Dolores and Rafael María Cortés, in common *pro indiviso* with Joaquín Vázquez, or, as the registrar expresses it, an undivided hereditary interest jointly with the surviving spouse, Joaquín Vázquez, therefore they do not own a joint interest in the property equal to one-half of the value thereof, as they claim.

Dolores and Rafael María Cortés could have conveyed that indefinite and indeterminate hereditary interest thus recorded in the registry, but not a joint interest equal to one-half of the value of the property which does not appear recorded in their names and which, therefore, cannot be recorded in the name of the vendee, for the reason that it is prohibited by article 20 of the Mortgage Law, which provides that in order to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights the interest of the person conveying it or in whose name the transfer or encumbrance is made must be previously recorded.

The decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.